**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| GRIGGS C. WIMBLEY and<br>AUDREY B. WIMBLEY,<br><br>    Plaintiffs, pro se,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING,<br>INC.,<br><br>    Defendant. | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:08CV939 |

This matter is before the court on Defendant's motion to dismiss (docket no. 11). Pro se Plaintiffs have filed a response in opposition to the motion (docket no. 15). In this posture, the matter is ripe for disposition. Since there has been no consent to the jurisdiction of the magistrate judge, the court must deal with the motion by way of a recommended disposition. For the reasons discussed herein, it will be recommended that the motion to dismiss be granted.

**BACKGROUND**

Plaintiffs filed their original complaint on December 31, 2008, and an amended complaint on February 3, 2009. The 93-page amended complaint details Plaintiffs' dealings with Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant"), which serviced Plaintiffs' mortgage from 2001 to 2006. Plaintiffs allege that Defendant has repeatedly violated a 2003 Federal Trade Commission ("FTC") injunction that placed strict regulations on Defendant's dealings with borrowers. The

Amended Complaint purports to assert claims against Defendant pursuant to the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 et seq. The Amended Complaint also alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Plaintiffs seek declaratory relief, monetary damages, and attorneys fees.

**FACTS**

Plaintiffs' 93-page Amended Complaint, titled "Failure to Comply with FTC Injunction," is disorganized, rambling, and at times incoherent. (*See* Am. Compl. ¶ 3, docket no. 8.) In its brief supporting the motion to dismiss, Defendant has set forth the following pertinent factual allegations from the Amended Complaint and from record documents in this case. Plaintiffs have not disputed Defendant's version of the facts. Therefore, I will recount Plaintiffs' factual allegations as presented in Defendant's brief and note that they are taken as true for the purpose of the motion to dismiss.

Plaintiffs obtained a home mortgage loan from First Greensboro Home Equity ("First Greensboro") on March 22, 1997. First Greensboro and other entities serviced Plaintiffs' loan before servicing rights were transferred to Defendant SPS, then known as Fairbanks Capital Corp., in September 2001. In 2002 Plaintiffs filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Middle

District of North Carolina.  The Chapter 13 bankruptcy proceedings were dismissed in September 2004.  Plaintiffs allege that during the pendency of the bankruptcy proceedings, SPS made fraudulent claims regarding the application of payments to arrearages for which a proof of claim had been filed and received improper payments.  Following Plaintiffs' dismissal from bankruptcy, SPS continued to make errors in the application of payments on Plaintiffs' loan and failed to respond to Plaintiffs' requests for clarification.  During the time in which SPS was servicing Plaintiffs' loan, foreclosure proceedings were instituted against Plaintiffs.  Servicing rights on Plaintiffs' loan were transferred to GMAC in May 2006.

On November 12, 2003, the United States, acting on behalf of the FTC and the Department of Housing and Urban Development ("HUD"), filed a complaint against Fairbanks Capitol Corp. and Fairbanks Holding Corp. (collectively "Fairbanks"), in the United States District Court for the District of Massachusetts, seeking a permanent injunction, other equitable relief, and monetary civil penalties pursuant to the FTC Act, the FDCPA, FCRA, and RESPA.  *See* Civil Action No. 03-12219-DPW (D. Mass., filed Nov. 12, 2003).  In November 2003, the FTC and Fairbanks agreed to the entry of a Stipulated Final Judgment and Order (the "FTC Order").[1]  (*See* Def.'s Ex. A, Order Preliminarily Approving Stipulated Final Judgment and Order, docket no. 29.)  The FTC required Fairbanks, and later SPS, to comply

---

[1] The FTC Order was entered in conjunction with the approval of a nationwide class action settlement in *Curry v. Fairbanks Capital Corp.*, No. 03-10895-DPW (D. Mass. 2003).

-3-

with the terms of the injunction regarding its practices and to pay money to the FTC on behalf of affected persons as redress. Plaintiffs allege that SPS has violated the FTC Order in violation of the FTC Act, RESPA, FDCPA, and FCRA.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide

-4-

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

**DISCUSSION**

In support of the motion to dismiss, Defendant contends first that Plaintiffs fail to state a claim for which relief may be granted as to the FTC Act claim because no private right of action exists to enforce FTC Act claims. Defendant contends, furthermore, that to the extent Plaintiffs seek to assert independent claims under the FDCPA, FCRA, and RESPA, those claims are barred by the applicable statutes of limitations.

The FTC Act declares all unfair and deceptive acts or practices in or affecting commerce unlawful. 15 U.S.C. § 45(a). The FTC Act empowers the FTC to, *inter alia*, prevent unfair and deceptive acts in or affecting commerce, and the FTC may use several different mechanisms to enforce the FTC Act. The FTC Act provides, in pertinent part:

> The Commission may commence a civil action to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this chapter respecting unfair or deceptive acts or practices (other than an interpretive rule or a rule violation of which the Commission has provided is not an unfair or deceptive act or practice in violation of subsection (a)(1) of this section) with actual knowledge or knowledge fairly implied on the basis of objective circumstances that such act is unfair or deceptive and is prohibited by such rule.

15 U.S.C. § 45(m)(1)(A). It is well established that the FTC Act does not create a private right of action for enforcement of the FTC Act. *See Hageman v. Twin City Chrysler-Plymouth, Inc.*, 681 F. Supp. 303, 308 (M.D.N.C. 1988); *Bunting v. Perdue, Inc.*, 611 F. Supp. 682, 691 n.7 (E.D.N.C. 1985); *United Roasters, Inc. v. Colgate-Palmolive Co.*, 485 F. Supp. 1049, 1059 n.7 (E.D.N.C. 1980).

Here, pursuant to the FTC Act, Fairbanks and the United States entered into the stipulated FTC Order, which enjoins SPS from engaging in specific conduct related to loan-servicing practices. In their Amended Complaint, Plaintiffs purport to state numerous claims, which are all based on SPS's alleged violations of the FTC Order.[2] Plaintiffs, however, have no standing to pursue claims against SPS based on any purported violation of the FTC Order. As Defendant notes, neither the FTC Act nor the FTC Order provides Plaintiffs with a private right of action to enforce the Order–only the FTC and HUD may do so. The FTC Order explicitly states that the FTC and HUD are responsible for monitoring compliance with its provisions. (Def.'s Ex. A, Order Preliminarily Approving Stipulated Final Judgment and Order, section XXVII, docket no. 29.) The FTC Order also states that the District Court of Massachusetts will retain jurisdiction of the matter for all purposes, including enforcement of compliance with the FTC Order. (*Id.* § XXXII.) Therefore, I agree

---

[2] Indeed, Plaintiffs state in their brief in response to the motion to dismiss that "this case is for violations of an injunction" and the "claims sought for relief were from the violations of the Operational Practices Agreement and the Default Resolution Program violations." (docket no. 16, p. 16.)

with Defendant that this court should dismiss Plaintiffs' Amended Complaint in its entirety because all attempted claims are based on alleged violations of the FTC Order, and Plaintiffs do not have a private right of action to pursue these claims.[3]

Furthermore, and in any event, to the extent that Plaintiffs purport to bring independent claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), or the Real Estate Settlement Procedures Act ("RESPA"), these claims must also fail. The FDCPA has a one-year statute of limitations, meaning that an action must commence no later than one year after the date on which the violation occurred. 15 U.S.C. § 1692k(d). Since servicing of Plaintiffs' loan was transferred away from Defendant on May 10, 2006, any violation of the FDCPA must have happened before that date. This action was filed on December 31, 2008, well after any FDCPA action could have been brought. Therefore, Plaintiffs are barred by the applicable statute of limitations from asserting a FDCPA claim.

Plaintiffs are also barred by the applicable statute of limitations from asserting a FCRA claim. An action to enforce a claim filed pursuant to the FCRA must be brought "not later than the earlier of–(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p

---

[3] In any event, in their own response brief, which is confusing and borders on unintelligible, Plaintiffs adamantly deny that they are attempting to bring a claim under the FTC Act. (*See* Response Br., p. 5.)

(2006). Here, Plaintiffs allege in the Amended Complaint that "Fairbanks failed to comply with the FCRA." (Am. Compl. ¶ 254.) The Amended Complaint mentions conduct by SPS which Plaintiffs allege occurred between 2002 and 2006, although Plaintiffs cite to no specific date on which they contend that SPS violated the FCRA. Plaintiffs also fail to allege the date when they contend that they discovered the FCRA violations. Plaintiffs assert in the Amended Complaint, however, that they knew about alleged inaccuracies by SPS regarding the application of payments on Plaintiffs' loan as early as 2002. (*See* Am. Compl. ¶¶ 19, 54.) Furthermore, since servicing of Plaintiffs' loan was transferred to GMAC in May 2006, any alleged FCRA violation must have occurred before May 2006. Plaintiffs allege that Defendant falsified data to GMAC upon transferring the loan on May 10, 2006. (Am. Compl. ¶ 263.) Since GMAC almost immediately initiated foreclosure proceedings, Plaintiffs should have found out about any falsified data soon after this date. Plaintiffs were required to file a FCRA claim no later than two years after discovering any falsified data, so their December 31, 2008, filing was too late.

Finally, Plaintiffs are also barred by the applicable statute of limitations from asserting a RESPA claim. Private claims of RESPA violations related to servicing of mortgage loans and administration of escrow accounts are subject to a three-year statute of limitations, which runs "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Based on the December 31, 2008, filing date, this means that any RESPA violations that occurred before December 31, 2005, may not be a basis for

this action. Plaintiffs claim that Defendant failed to respond to complaint letters that Plaintiffs sent to Defendant. (*See* Am. Compl. ¶¶ 257, 268.) The only dates mentioned for these letters appear to be in 2005. (*Id.* ¶ 268.) Since any violations of RESPA before 2006 would be barred by the statute of limitations, the RESPA claim also fails.[4]

**CONCLUSION**

For the reasons stated above, it is **RECOMMENDED** that Defendant's Motion to Dismiss (docket no. 11) be **GRANTED** and that this case be dismissed with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
July 9, 2009

---

[4] Defendant also contends that Plaintiffs fail to state a claim for a violation of RESPA. Since the RESPA claim is barred by the statute of limitations, the court need not address whether Plaintiffs sufficiently state a claim for a violation of RESPA.